UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAMALEAH B., <br><br>   Plaintiff, <br><br>   v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>   Defendant. | CASE NO. 3:23-CV-5122-DWC <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Kamaleah B., proceeding *pro se*, filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI").[1]

After considering the record, the Court concludes Plaintiff has failed to show the Administrative Law Judge ("ALJ") erred in determining Plaintiff has not been under a disability, as defined by the Social Security Act, since the date her application was filed. Therefore, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

I.   **Factual and Procedural History**

On November 17, 2021, Plaintiff filed an application for SSI, alleging disability as of August 1, 2020. *See* Dkt. 11, Administrative Record ("AR") 11. The application was denied upon initial administrative review and on reconsideration. *See* AR 11. A hearing was held before ALJ Malcolm Ross on September 13, 2022. *See* AR 30-61. In a decision dated January 4, 2023, the ALJ determined Plaintiff to be not disabled. AR 11-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5, 20 C.F.R. § 404.981, § 416.1481.

On April 18, 2023, the Court entered a scheduling order, wherein Plaintiff was directed to file an opening brief on or before May 16, 2023. Dkt. 12. On April 25, 2023, Plaintiff notified the Court that she did not intend on filing an opening brief and asked the Court to issue a decision in her case. Dkt. 13. Plaintiff appears to rest on her Complaint, which does not identify any errors in the Administrative Law Judge's decision. *See* Dkt. 3. The Court directed the Commissioner to file any responsive brief, if they so wished, on or before May 12, 2023. Dkt. 13. The Commissioner has not filed a responsive brief.

II.   **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

III.   **Discussion**

Plaintiff submitted a form Complaint, which states the Social Security Administration's final decision is not supported by substantial evidence and/or is based on legal error. Dkt. 3.

There is no further information identifying what errors were allegedly made by the ALJ. *See id*. Further, Plaintiff declined to file an opening brief to notify the Court what portions of the ALJ's decision was not supported by substantial evidence or was based on legal error. *See* Docket.

Plaintiff has failed to show any harmful error in the ALJ's decision. Dkt. 3. For example, Plaintiff does not allege the ALJ erred at any step in the sequential evaluation process. *See id*. Rather, Plaintiff provides a boilerplate complaint requesting the Court reverse and remand the Commissioner's decision because is not supported by substantial evidence and/or is based on legal error. *See* Dkt. 3. The Court finds Plaintiff has not shown the ALJ erred in his consideration of Plaintiff's SSI application and, thus, remand is not warranted. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (finding the plaintiff has the burden of demonstrating there are harmful errors in the ALJ's decision); *Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation to find that the ALJ failed to account for [the claimant's] injuries in some unspecified way" when the claimant failed to detail what limitations followed from the evidence beyond those already listed in the RFC); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n .2 (9th Cir. 2008) (noting that a reviewing court ordinarily will not consider matters that are not specifically and distinctly argued in the opening brief).

### IV. Conclusion

Based on the foregoing reasons, the Court hereby concludes Plaintiff has not shown the ALJ erred when finding Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 16th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge